IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVIN SMALLWOOD, et. al. | * | |
| | * | Civil Action |
| *Plaintiffs,* | * | No.: 1:17-cv-03469-SAG |
| v. | * | |
| FABIEN LARONDE. | * | |
| | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO
THE DEPARTMENT OF JUSTICE INVESTIGATION INTO THE BALTIMORE POLICE
DEPARTMENT OR ANY OTHER UNRELATED POLICE INVOLVED MATTERS</u>

Defendant, Officer Fabien Laronde, by his attorneys, Chaz R. Ball and Schlachman, Belsky & Weiner, P.A., respectfully request this Honorable Court to order the preclusion of any and all reference to the Department of Justice Investigation into the Baltimore Police Department or any other unrelated police involved matters, and as grounds, state the following:

1. On November 22, 2014, on-duty Defendant Baltimore Police Department Officer Fabien Laronde took part in the arrest of Plaintiff Devin Smallwood an ultimately is alleged to have unlawfully searched the vehicle of Plaintiff Toni McLaurin.

2. As a result of that incident Plaintiffs brought claims under § 1983 alleging excessive force, unlawful arrest, and illegal search in violation of Plaintiffs' Fourth and Fourteenth Amendment Rights.

3. On August 10, 2016, the United States Department of Justice issued an investigation report on the Baltimore Police Department. This report contains, inter alia, findings and conclusions that the Department engaged in improper police practices. This report does

not describe or make any conclusions as to the incident between the Plaintiff and the Defendants on January 28, 2013.

4. "'Hearsay' is a statement that (1) Declarant does not make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. FED. R. EVID. 801(c).

5. Statements that are Hearsay must fall within one of the FED. R. EVID. 801(d) Exceptions. FED. R. EVID. 801(d)(1)–(2).

6. The Department of Justice investigation report and any other unrelated allegations against law enforcement officers would constitute hearsay and contain conclusions which are at least in part based on unreliable sources, including statements made by unidentified persons. For example, the report states "our investigation also relied on numerous interviews with current and former BPD officers and city officials" and cites to an alleged incident from 2010 that a man stated "that he witnessed officers use excessive force during an arrest and punch a fourteen-year-old boy who attempted to film the arrest on his cell phone" without identifying the name of the declarant or the officers involved. *See* Department of Justice Investigation Report of Baltimore Police Department at 22; *see also id.* at 69. This is only one of numerous such examples of hearsay and where the declarant is not identified.

7. Pursuant to FED. R. EVID. 402, irrelevant evidence is not admissible.

8. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequences in determining the action. FED. R. EVID. 401.

9. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting, or needlessly presenting cumulative evidence.  FED. R. EVID. 403.

10. Any reference to the Department of Justice investigation report would be highly prejudicial to the Defendants. The Department of Justice investigation report makes broad assumptions about Baltimore Police Department practices, often times based on limited anecdotal and often unsubstantiated allegations, rather than any specific conduct committed by the Defendants in this case.

11. Any type of reference to the existence of this type of report or any other unrelated allegations against law enforcement officers will mislead the jury in believing that the Defendants' actions were inherently improper. As such, its prejudicial effect far outweighs its relevant (if any) value.

12. The Plaintiffs should be barred from mentioning or in any way alluding to the Department of Justice investigation of the Baltimore Police Department or any other unrelated allegations against law enforcement officers.

WHEREFORE the Defendant respectfully requests this Honorable Court to order the preclusion of any reference to the Department of Justice investigation into the Baltimore Police Department or any other unrelated police involved matters.

Respectfully submitted,


_____/s/_____
Chaz Ball (Fed. Bar No. 30044)
Schlachman, Belsky & Weiner, P.A.
300 E. Lombard Street, Suite 1100
Baltimore, MD 21202
Telephone: 410-685-2022
Facsimile:  410-783-4771
*Attorneys for Defendants*




CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2020, a copy of the foregoing Defendant's

Motion in Limine was electronically filed with the United States District Court for the District of

Maryland. All counsel of record are being served by the Court's electronic filing system or by

first-class mail, properly addressed and postage prepaid.


 /s/   Chaz Ball_____
Chaz Ball